CHARLES W. LANDO, Plaintiff, *v.* IRVING D. ROSENBERG and Others, Defendants.

Supreme Court, Special Term, New York County, June 7, 1940.

*Downey, Lipper, Shinn & Keeley,* for the plaintiff.

*R. L. Cherburg,* for the defendants.

HAMMER, J. Three defendants in this action were served in the city of New York, and if they alone were parties defendant the provisions of subdivision 1 of section 1474 of the Civil Practice Act would enable them to resist taxation of costs, as the action brought in the Supreme Court could have been brought in the City Court and the recovery is less than $2,000. The non-residence of the other defendants outside the State, which prevented service of process in the City Court, did not render them amenable to the jurisdiction of the Supreme Court. A showing of property subject to attachment within the territorial limitations of the city of New York would have afforded plaintiff equality of opportunity thereby to invoke the jurisdiction of either of said courts. The papers show the non-resident defendants had property within the city of New York. .There is no claim that process was served outside the city of New York on the individual non-resident defendants. One defendant was a partner of a resident defendant and their place of business was in the city of New York where process could have been served

upon him. The other, a foreign corporation, has a place of business in the city of New York where process could have been served. While voluntary appearance will not afford a defendant a means of defeating a plaintiff's right to costs in an action properly brought in the Supreme Court, it does not appear equitable that a defendant who is equally amenable to the process of the City Court should lose his right of immunity to costs under section 1474 of the Civil Practice Act by reason of his voluntary appearance in an action brought in the Supreme Court, unless perchance he thereby waives his right. Certainly the voluntary appearance of a non-resident defendant cannot subject to the penalty of costs other resident defendants who have been served with process within the city of New York and who are thereby entitled to invoke the provisions of section 1474 of the Civil Practice Act. Confining the decision to the facts in this case as the only process served was served in the city of New York, the action is brought within the provisions of section 1474 of the Civil Practice Act and all the defendants are immune from costs, and the motion for retaxation of costs is denied.